PEOPLE ex rel. ROSSNER v. SCANNELL.

(Supreme Court, Appellate Division, First Department. March 9, 1900.)

MUNICIPAL CORPORATIONS—FIREMEN—APPOINTMENT.
    Under Greater New York Charter, § 734, providing that no person shall be appointed to membership in the fire department who is not under the age of 30 years, an applicant for membership in such department who is over 30 years of age cannot be appointed, though he was on the eligible list, entitling him to appointment when the charter took effect.

Appeal from special term.

Application by the people, on the relation of Hugo Rossner, against John H. Scannell, fire commissioner of the city of New York, for a peremptory writ of mandamus to compel defendant to appoint the relator to membership in the fire department. From an order denying the motion, the relator appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Henry J. Furlong and John J. O'Connell, for appellant.
Theodore Connoly, for respondent.

INGRAHAM, J.  The relator in December, 1898, presented to the supreme court an application for a writ of mandamus founded upon a petition in which he alleged that his name is now the only one, upon the list prepared by the civil service commission of the city and county of New York, eligible for appointment to the position of fireman in the city of New York; that his name is upon such list as the result of a competitive examination held in the year 1897, in which there competed only the old volunteer firemen of the territory annexed to the city of New York under chapter 934, Laws 1895; that in the month of December, 1897, the name of the petitioner, together with the names of others on the said list, was certified for appointment by the civil service commission to the commissioners of the fire department; that on the same day the physician attached to the fire department, upon making a final examination of the petitioner not provided for by the civil service regulations, declared that he had an affection of the heart, which should prevent his appointment, and he was rejected; and that, by virtue of such rejection, the petitioner's name was dropped from said eligible list, but that thereafter, namely, on March 24, 1898, the present civil service commission of the city of New York, after consideration of the facts in the case, restored his name to the eligible list of the volunteer firemen.  In answer to this application, it appeared, by an affidavit of the secretary of the municipal civil service commission of the city of New York, that the relator applied for the position of fireman in the fire department of the city of New York on May 18, 1897.  In that application the petitioner stated that he was born in Germany on April 13, 1865, and thus, at the time of the making of the application, he was over 30 years of age.

Assuming that the relator was eligible prior to January 1, 1898, he was not appointed upon the force of the fire department prior to that date, and it does not appear that at that time there was a vacancy on the force to which this relator was entitled to be appointed.  By section 734 of the charter (chapter 378, Laws 1897), which went into effect January 1, 1898, it is provided that no person shall be appointed to membership in the fire department who is not over the age of 21 years, and under the age of 30 years.  There is nothing in the petition to show that the relator was entitled to an appointment prior to January 1, 1898, when this provision took effect.  He was on the eligible list for appointment prior to that time, and other persons upon that list were appointed, but it does not appear that the relator had a higher grading than those who were appointed.  Assuming that he was on the eligible list, entitling him to appointment, when this provision of the charter before cited took effect, that provision prevented the commissioner from appointing him, as he was at that time over 30 years of age; and whether or not he was eligible for appointment prior to January 1, 1898, is not material, as he was not eligible after the provision of the charter took effect.  There is nothing in the charter, to which our attention has been called, that limits the application of this provision so that it would not apply to the relator, and we think

that the respondent was expressly prohibited by this provision of the charter from appointing the relator to the position which he sought.

It follows that the order below was right, and should be affirmed, with costs. All concur.